STANLEY *v.* WHITE and Others.—In Error.

DEBT by *White* and *Orth*, assignees of *George Parker*, upon a promissory note for 25 dollars, made by *Stanley* in favor of *Parker*. Pleas—no consideration, and fraud. The suit was commenced before a justice of the peace and appealed to the Circuit Court.

On the trial in the Circuit Court, the defendant produced the depositions of two witnesses, who stated that they were present when a person who represented himself as an agent of the patentee, called upon *Stanley* and de-

manded compensation for an infringement of the patent right for a certain kind of mill wheel. The witnesses stated that *Stanley* at first refused to pay any thing, saying that he had paid the person who put up the wheel for the right. The agent replied that the man who put up the wheel had no right to do so; that if *Stanley* refused to pay, he would forthwith take out an execution and compel him to pay a larger sum than he then demanded. The agent also told *Stanley* that he had a power of attorney from the patentee, and that the Supreme Court had decided that the patentee had the power to collect damages wherever there had been an infringement of the patent; and he produced and read to *Stanley* two papers to that effect. *Stanley* then said if there was no other way than to pay a second time for the use of his wheel, he supposed he must do so, and thereupon gave his note for 25 dollars, which is the same now sued upon.

The plaintiff's counsel objected to the reading of so much of the depositions as professed to give the contents of the papers referred to, no notice having been given to produce those papers, which objection was sustained.

This being all the proof offered, the plaintiff demurred to the defendant's evidence. The Court sustained the demurrer, and gave judgment accordingly.

We can perceive no cause to reverse the judgment. No inferences or conclusions can be fairly deduced from the facts proved, which would constitute a defence to the note.

The defendant objected to the suppression of those parts of the depositions stating the contents of written instruments, but that evidence was immaterial, and would not have been of any advantage to the defendant if it had been admitted.

The judgment is affirmed with 10 *per cent.* damages and costs.

*C. H. Test*, for the plaintiff.

*J. S. Newman*, for the defendant.